OPINION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREGORIO VILLAFRANCA-CASTRO | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. B-06-136 |
| | § | (CR. NO. B-04-108) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Petitioner Gregorio Villafranca-Castro's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has filed an Answer and Motion to Dismiss, which also will be considered. (Doc. 6.) For the reasons explained below, Petitioner Villafranca-Castro's motion should be DISMISSED and the Government's motion to dismiss should be GRANTED.

## **BACKGROUND**

On February 11, 2004, in the Southern District of Texas, Brownsville Division, Petitioner Villafranca-Castro was indicted for illegal re-entry after deportation and after having been convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (Cr. Doc. 1.) On March 31, 2004, he pleaded guilty. (Cr. Doc. 9.) On June 29, 2004, United States District Judge Hilda G. Tagle sentenced Villafranca-Castro to 70 months confinement, followed by a three-year supervised release term and a $100 special assessment. (Cr. Doc. 16.)

Villafranca-Castro appealed to the Fifth Circuit. On August 17, 2005, the Fifth Circuit affirmed the district court's judgment. *United States v. Villafranca-Castro*, No. 04-40911, 145 Fed. Appx. 50 (5th Cir. 2006) (unpublished). Villafranca-Castro petitioned for writ of certiorari to the

Supreme Court of the United States. On January 9, 2006, the Supreme Court denied Villafranca-Castro's petition. *Villarreal-Gonsalez v. United States,* 546 U.S. 1009 (2005). On August 30, 2006, Villafranca-Castro timely filed the present habeas petition. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 2255.

## ALLEGATIONS

Villafranca-Castro alleges that the district court should issue a writ of habeas corpus because 1) he received ineffective assistance of counsel, and 2) the district court erred when it enhanced his sentence based on a prior probated sentence.

## DISCUSSION

### *I. Petitioner's ineffective assistance of counsel claim fails.*

**a. Ineffective assistance of counsel - standards**

The Supreme Court announced the constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, in *Strickland v. Washington.* 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel, a petitioner must demonstrate that 1) counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687; *Smith v. Robbins,* 528 U.S. 259, 289 (2000). In order to demonstrate that his attorney's performance was constitutionally deficient, a petitioner must show that counsel's representation "fell below an objective standard of reasonableness." *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In doing so, a convicted defendant must carry the burden of proof and

overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

The second prong requires a showing that counsel's deficient performance prejudiced his defense. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A reasonable probability is enough probability to undermine confidence in the outcome. *Id.* In *Lockhart v. Fretwell*, the Supreme Court further elaborated on *Strickland*'s prejudice prong, holding that a court's analysis must not focus merely on outcome determination but also on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell,* 506 U.S. 364, 370 (2004); *see Williams v. Taylor,* 529 U.S. 362, 393 n. 17 (2000); *Young v. Dretke,* 365 F. 3d 616, 625 (5th Cir. 2004).

Furthermore, when a petitioner alleges that his counsel was deficient at the sentencing stage, such as in the instant case, he satisfies the prejudice prong if he demonstrates "a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." *Ward v. Dretke,* 420 F. 3d 479, 498 (5th Cir. 2005); *Spriggs v. Collins,* 993 F.2d 85, 88 (5th Cir. 1993).

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish one prong renders moot an examination of its counterpart. *Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d

202, 210 (5th Cir. 1994). Thus, failure to establish that counsel's performance fell below an objective standard of reasonableness renders moot an examination of the issue of prejudice. *United States v. Hall,* 455 F.3d 508, 516 (5th Cir. 2006); *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990). Conversely, where there is an insufficient showing of prejudice, it is unnecessary to consider whether counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

### b.  Ineffective assistance of counsel - deficient performance.

Petitioner Villafranca-Castro alleges that he received ineffective assistance of counsel because "counsel failed to research pertinent case law applicable to his case, and thus permitted a 16 level enhancement on a probated sentence."

In reviewing counsel's performance at trial, the court must be highly deferential to counsel's assistance. *Strickland*, 466 U.S. at 687-91. The Sixth Amendment focuses on the adversarial process; if counsel is a reasonably effective advocate, he meets his constitutional standards irrespective of his client's evaluation of his performance. *United States v. Cronic*, 466 U.S. 648, 657 (1984). Here, a deferential approach shows that the petitioner's counsel engaged the adversarial process and rules out ineffective assistance of counsel. Furthermore, Villafranca-Castro fails to provide any specific evidence to show deficient performance. Mere conclusory allegations on a critical issue are insufficient to show a constitutional issue. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### c.  Ineffective Assistance of counsel - prejudice.

Likewise, Petitioner fails to show actual prejudice. He does not show that but for counsel's performance, his sentence would have been significantly less harsh. A petitioner may not satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley,* 953 F. 2d 1008, 1012 (5th Cir. 1992). Accordingly, he shows no prejudice and his claim of ineffective assistance of counsel fails.

## *II. The district court is foreclosed from considering allegations already brought on direct appeal.*

Villafranca-Castro alleges that the "district court erred in imposing [a] 16 level enhancement on a prior probated sentence." He brought the same essential claims on direct appeal, and the Fifth Circuit affirmed his sentence.

Courts are entitled to presume that a convicted defendant who has exhausted or waived any rights to appeal "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)). In this case, the Fifth Circuit's resolution of the present allegations precludes the district court from re-examining the claims. *Fuhrman v. Dretke,* 442 F. 3d 893, 896 (5th Cir. 2006); *United States v. Becerra*, 155 F. 3d 740, 752 (5th Cir. 1998) ("[A]n issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal."). There are three exceptions that would allow the court to re-examine an earlier decision. The petitioner must show 1) substantially different evidence, 2) a change in controlling legal authority, or 3) that "the earlier decision is clearly erroneous and would work a manifest injustice." *United States v. Matthews,* 312 F. 3d 652, 657 (5th Cir. 2002); *Becerra,* 155 F. 3d at 752.

Here, the petitioner does not provide any evidence that he meets an exceptions that would

5

allow this Court to re-examine the present allegation. Thus, Villafranca-Castro's allegation regarding his enhancement based on a prior probated sentence should be dismissed.

## CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal to the Fifth Circuit from a habeas corpus petition. 28 U.S.C. § 2253(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El,* 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Moreno v. Dretke,* 450 F. 3d 158, 163 (5th Cir. 2006).

Although the petitioner has not yet filed a notice of appeal, this Court may *sua sponte* rule on a COA because the district court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. To further brief and argue the very issues on which the court has just ruled would be repetitious. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000).

After reviewing the petitioner's habeas claims, the Court is confident that no outstanding issue would be debatable among jurists of reason. The Court has concluded that his ineffective assistance of counsel claim fails because it is conclusory and does not satisfy the standards outlined in *Strickland*. His enhancement allegation is foreclosed by previous disposition of the Fifth Circuit. In the context of a COA, the Court finds that the petitioner's claims fail to show that reasonable jurists would find that the issues presented are adequate to deserve encouragement to proceed

further. *Slack*, 529 U.S. at 484. Although the petitioner raises important issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, a COA should be denied. *Slack*, 529 U.S. at 484.

## RECOMMENDATION

A thorough review of all the files, records, transcripts and correspondence relating to the judgment being challenged conclusively shows that Petitioner is not entitled to the relief sought. Accordingly, this Court RECOMMENDS that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DISMISSED and the Government's Motion to Dismiss should be GRANTED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 21st day of August 2007.

Felix Recio
United States Magistrate Judge